UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTOPHER L. BANDYCH,

        Plaintiff,

v.

ANDREW SAUL, Commissioner of
Social Security,

        Defendant.

DECISION & ORDER

18-CV-6673-MJP

---

## INTRODUCTION

**Pedersen, M.J.** Plaintiff Christopher L. Bandych ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability benefits and Supplemental Security Income Benefits ("SSI"). Pursuant to 28 U.S.C. § 636(c), the parties have consented to the disposition of this case by a United States magistrate judge. (Consent to Proceed, Nov. 15, 2019, ECF No. 16.)

## BACKGROUND

On August 4, 2015, Plaintiff protectively filed his DIB and SSI applications alleging disability based on spinal stenosis, herniated disks, nerve damage, two heart attacks, and high blood pressure (Record[1] ("R.") 9, 215–22, 241.) His applications were denied initially, and he requested an A.L.J. hearing (R. 92–107, 116–18.) On June 30,

---

[1] Refers to the Record of Proceedings at the Social Security Administration filed on March 6, 2019, ECF No. 8.

2017, following a February 24, 2017 hearing and *de novo* review of his applications, the A.L.J. found Plaintiff not disabled through the date of the A.L.J.'s decision (R. 6–22.) On July 24, 2018, the Appeals Council denied Plaintiff's request for review, and the A.L.J.'s decision became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g), incorporated for SSI by 42 U.S.C. § 1383(c)(3). Plaintiff subsequently filed this action. (Comp., Sept. 21, 2018, ECF No. 1.)

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Section 405(g) provides that the District Court "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007). It directs that when considering a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 149 (1997).

To determine whether substantial evidence supports the Commissioner's findings, the Court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Brown v. Apfel*, 174

F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)). Section 405(g) limits the scope of the Court's review to two inquiries: whether the Commissioner's findings were supported by substantial evidence in the record, and whether the Commissioner's conclusions are based upon an erroneous legal standard. *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003); *see also Mongeur*, 722 F.2d at 1038 (finding a reviewing court does not try a benefits case *de novo*).

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). In assessing whether a claimant is disabled, the A.L.J. must employ a five-step sequential analysis. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

> (1)  whether the claimant is currently engaged in substantial gainful activity;
>
> (2)  if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";
>
> (3)  if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations;
>
> (4)  if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity [("RFC")] to perform his past work; and
>
> (5)  if not, whether the claimant retains the [RFC] to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)–(v) & 416.920(a)(4)(i)–(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d 377, 383 (2d Cir. 2004) (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

***The A.L.J.'s Decision***

In his decision, the A.L.J. followed the required five-step analysis for evaluating disability claims. (R. 12.) Under step one of the process, the A.L.J. found that Plaintiff met the insured status requirements of the Social Security Act through March 30, 2019, and that Plaintiff had not engaged in substantial gainful activity since May 7, 2015, the onset date. (R. 12.) At step two, the A.L.J. concluded that Plaintiff had the following severe impairments: degenerative disc disease status post surgeries; status post myocardial infarction; and hypertension (20 CFR § 404.1520(c) and § 416.920(c)). (R 12.) At step three, the A.L.J. determined that Plaintiff does not have an impairment (or combination of impairments) that meets or medically equals one of the listed impairments. (R. 12.) At step four, the A.L.J. concluded that Plaintiff has the Residual Functional Capacity ("RFC") to perform light work as defined in 20 CFR § 416.967(b) except the claimant cannot climb ladders, ropes, or scaffolds, can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; can occasionally overhead reach with the dominate left upper extremity; frequently handle and finger with the left dominant hand; must avoid concentrated exposure to extreme heat and cold, humidity, and wetness; must avoid slippery and uneven

surfaces as well as hazardous machinery, unprotected heights, and open flames. (R. 12–13.) The A.L.J. determined that Plaintiff had no past relevant work. (R. 16.) The A.L.J. proceeded on to step five and found that jobs existed in the national and regional economy that Plaintiff could perform. (R. 16–17.) Accordingly, the A.L.J. found that Plaintiff was not disabled. (R. 18.)

*Plaintiff's Contentions*

Plaintiff claims that the A.L.J.'s RFC assessment of light work was unsupported by substantial evidence because it conflicted with two properly submitted medical opinions attesting to greater limitations and is based on the A.L.J.'s own lay judgment. (Pl.'s Mem of Law at 8, May 6, 2019, ECF No. 9-1.) Further, Plaintiff claims that the A.L.J.'s "objective evidence" supporting his RFC finding does not meet the "overwhelmingly compelling" required for substituting lay judgment for medical opinion. *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000) (*Id.*) Only the issue of whether the A.L.J. was proper in finding the RFC without relying on a treating opinion will be addressed, as this issue alone warrants remand.

**ANALYSIS**

At the administrative level, the A.L.J. alone assesses RFC based on all relevant evidence of record, not just medical opinions. 20 C.F.R. §§ 404.1545(a)(3), 404.1546(c); *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (the ultimate responsibility to determine a claimant's RFC rests solely with the A.L.J.); accord *Johnson v. Colvin*, 669 F. App'x 44, 46–47 (2d Cir. 2016) (Summ. Order) (citing 20 C.F.R. § 416.945(a)(3) (explaining that an A.L.J. looks to "all of the relevant medical and other evidence" including relevant medical reports, medical history, and statements from the

5

claimant when assessing an applicant's RFC). Should an A.L.J. give only little weight to all the medical opinions of record, the A.L.J. creates an evidentiary gap that warrants remand. *Defrancesco v. Berryhill*, No. 16-CV-6575-FPG, 2017 WL 4769004, at *4 (W.D.N.Y. Oct. 23, 2017); *Pryn v. Berryhill*, No. 16-CV-315-FPG, 2017 WL 1546479, at *4 (W.D.N.Y. May 1, 2017) (giving little weight to the only opinion of record "created an evidentiary gap that requires remand"); *Covey v. Colvin*, 204 F. Supp. 3d 497, 507 (W.D.N.Y. 2016) (noting that the A.L.J.'s rejection of the treating physician's opinion created a "significant and obvious gap in the evidentiary record" because "the record contained no competent medical opinion regarding Plaintiff's RFC during the relevant time period"). However, the RFC need not correspond to any particular medical opinion; rather, the A.L.J. weighs and synthesizes all evidence available to render an RFC finding consistent with the record as a whole. *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (Summ. Order).

The Second Circuit has held that "neither the trial judge nor the A.L.J. is permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion." *Flynn v. Commissioner of Social Sec.*, 729 Fed. App'x 119, 121 (2d Cir. 2018) (Summ. Order) (citing *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000); *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015). Further, the Second Circuit states that "while a physician's opinion might contain certain inconsistencies and be subject to attack, a circumstantial critique by non-physicians, however thorough or responsible, must be overwhelmingly compelling in order to overcome a medical opinion." *Shaw*, 221 F.3d at 135. As the Second Circuit recounted, the A.L.J. in *Flynn*

6

spent "significant energy recounting the physician's treatment notes" and concluded that the "notes indicated nothing more than 'mild anxiety.'" *Flynn*, 729 Fed. App'x at 121. However, the Second Circuit held that such an assessment was "beyond the scope of the A.L.J.'s authority." *Flynn*, 729 Fed. App'x at 221. While *Flynn* involved a treating physician, the Second Circuit has made it clear that the same logic applies to an A.L.J.'s rejection of non-treating opinions. *See Giddings v. Astrue*, 333 Fed. App'x 649, 652 (2d Cir. 2009) ("And we have indicated that, when a medical opinion stands uncontradicted, '[a] circumstantial critique by non-physicians, however thorough or responsible, must be overwhelmingly compelling in order to overcome' it.") (internal citation omitted).

Plaintiff claims that the A.L.J.'s RFC assessment was contradicted by two properly submitted medical opinions and was without support from any other opinion. (Pl.'s Mem. of Law at 8.) The A.L.J. has given the opinions of both Dr. Karl Eurenius and Dr. Chen[2] little weight. (R. 15.) There are no other opinions discussed in the RFC analysis section of the A.L.J.'s decision. (R 12–16.)

The Commissioner states that Dr. Eurenius' opinion was not entitled to any special deference or consideration, because he was a one-time consultative examiner. (Def.'s Mem. of Law at 14, July 1, 2019, ECF 11-1.) *See Lamorey v. Barnhart*, 158 Fed. App'x 361, 363 (2d Cir. 2006) (summary order) ("[W]e note that the opinions of consulting sources, unlike those of treating sources, are entitled to no special deference.") The A.L.J. did not consider Dr. Chen or her Nurse Practitioner as

---

[2] Dr. Chen's first name does not appear in the Record.

treating sources. (R. 15.) The Court does not need to review whether the A.L.J. properly did not consider Dr. Chen a treating source, since the A.L.J. did not rely on either Dr. Chen's or her Nurse Practitioner's opinions when constructing the RCF. The A.L.J. did not rely on *any* medical source opinion, thus creating a gap in the record. *Covey v. Colvin*, 204 F. Supp. 3d 497, 507 (W.D.N.Y. 2016) (noting that the A.L.J.'s rejection of the treating physician's opinion created a "significant and obvious gap in the evidentiary record" because "the record contained no competent medical opinion regarding Plaintiff's RFC during the relevant time period").

Unless the evidence supporting the A.L.J.'s determination is "overwhelmingly compelling," the A.L.J. may not substitute his or her own opinion for the opinion of a medical source. *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 862 (2d Cir. 1990) ("a circumstantial critique by non-physicians, however thorough or responsible, must be overwhelmingly compelling in order to overcome a medical opinion."). Even when ignoring Dr. Chen's opinion entirely (because the A.L.J. stated Dr. Chen did not qualify as a treating source), the record did not have "overwhelmingly compelling" evidence to permit a lay opinion determination of Plaintiff's RFC. The A.L.J. lists several activities Plaintiff takes part in, as well as an overview of his health issues, nothing of which appears to the Court to be "overwhelmingly compelling," enough to overcome the medical opinions in the record. (R. 12–16.) Therefore, as the A.L.J. did not rely on a medical opinion for determining Plaintiff's RFC and the Record lacks "overwhelmingly compelling" evidence to permit a lay RFC determination, the Court must remand this case.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (ECF No. 9) is granted and the Commissioner's motion for judgment on the pleadings (ECF No. 11) is denied. Pursuant to the fourth sentence of 42 U.S.C. § 405(g), this matter is remanded to the Commissioner for an expedited hearing. The Clerk of the Court is directed to enter judgment in favor of the Plaintiff and close this case.

IT IS SO ORDERED.

/s/ Mark W. Pedersen
MARK. W. PEDERSEN
United States Magistrate Judge

Dated: March 26, 2020
Rochester, New York